```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-61451-Civ-ZLOCH
                              MAGISTRATE JUDGE P.A. WHITE
```

GRANVILLE WILLIAMS,              :

      Petitioner,         :

v.                               :        REPORT RE DISMISSAL
                                                §2254 PETITION
WALTER A. McNEIL,[1]             :

      Respondent.         :
_____

      This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed on October 3, 2007.[2] The judgment of conviction of trafficking in cocaine in the underlying state criminal case, number 00-12637-CF10A, entered on a negotiated plea of guilty in Broward County, became final at the latest on June 22, 2004, ninety days after issuance of the opinion affirming the denial of Williams' motion to withdraw the plea following a belated appeal.[3]

---

    [1]Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

    [2]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1 at 9]

    [3]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479

1

Williams v. State, 871 So.2d 244 (Fla. 4 DCA 2004)(table). [DE 7, Ex.12]

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with

---

U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate. Supreme Court Rule 13.

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

In this case, however, after Williams' conviction became final on June 22, 2004,[4] he initiated no state court proceedings until on or about May 15, 2007, when he filed a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850. [DE 7, Ex.14 at 2] Since by then almost three years had elapsed since his conviction had become final, no further examination of the history of Williams' state proceedings is necessary to determine that this federal petition is untimely. See Tinker v. Moore, 255 F.3d 1331 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256,

---

[4]The state implies in its response to the order to show cause that Williams's conviction became final on August 23, 2004, because it asserts that he had until August 23, 2004 to file a petition for certiorari to the Supreme Court. [DE 6 at 5] This appears to be nothing more than a an error in calculation. However, even if the state were correct, Williams' federal petition would still be untimely, as the remainder of the state's discussion demonstrates.

3

1259 (11 Cir. 1999) (same).

Although the order that customarily is entered requiring a petitioner to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus was inadvertently omitted in this case, Williams addressed the timeliness issue in his reply to the state's response. [DE 12] Although he argues there that the untimeliness of this petition should be excused for several reasons, he has also included information that renders it unnecessary to consider those contentions.

Williams points out in his reply that he "had already served his entire sentence," and was no longer "subject to, or liable for any sentence pursuant to the plea of guilty" he challenges in this proceeding. [DE 12 at 1] He explains that the state in its response to the order to show cause overlooked the fact that his three years of probation expired on October 6, 2006, when his probation was revoked and he was returned to prison. [DE 12 at 2; DE 10, Ex.18] Records available at the website of the Florida Department of Corrections, http://www.dc.state.fl.us/, indicate that Williams was released from its custody without supervision on January 25, 2007.

Subsequently, on May 29, 2007, Williams was ordered deported by an Immigration Judge in Miami, and that order was affirmed by the Board of Immigration Appeals on September 26, 2007. Therefore, as Williams states, when he filed this §2254 application on October 3, 2007, he was no longer in custody as the result of the criminal conviction at issue here, but instead was being held in Immigration custody awaiting deportation. [DE 12 at 2]

Federal habeas corpus jurisdiction requires that a petitioner be "in custody" at the time the application for habeas corpus relief is filed. 28 U.S.C. §2241(c). In <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001), the Supreme Court held that 28 U.S.C. §2254 may not be used to collaterally attack an expired prior sentence even if it was used to enhance the sentence a petitioner is currently serving, so long as the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or did so unsuccessfully. <u>See also</u>, <u>Daniels v. United States</u>, 121 S.Ct. 1578 (2001).

By his own admissions in his reply, and as confirmed by the Department of Corrections records, Williams expired the sentence imposed for the drug conviction he challenges here several months prior to the date this federal petition was filed. The custody to which Williams was subject at that point in time was due to his imminent deportation, rather than to his criminal sentence. In such instances, where a state sentence has been fully discharged, a petitioner in immigration detention is not "in custody" as the result of and therefore is not able to seek federal habeas corpus relief from his state conviction, even where his detention by immigration authorities is a collateral consequence of the criminal conviction. <u>Harvey v. People of the City of New York</u>, 435 F.Supp.2d 175 (E.D.N.Y. 2006); <u>Neyor v. Immigration & Naturalization Service</u>, 155 F.Supp.2d 127 (D.N.J. 2001). As a result, then, this court lacks jurisdiction to entertain this petition whether or not it was timely filed.

5

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed for lack of subject matter jurisdiction, and alternatively as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 3rd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Granville Williams, pro se
    A#45-878-396
    823 Tarpon Avenue
    Stuart, FL 34994

    Melanie Surber, AAG
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428